**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| William Kenney, Jr., <br><br>　　　　　Plaintiff, <br>　v. <br><br>Plaza Associates, L.L.C.; and DOES 1-10, inclusive, <br><br>　　　　　Defendant. | Civil Action No.: _____ <br><br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, William Kenney, Jr., by undersigned counsel, states as follows:

## JURISDICTION

1.　This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants in their illegal efforts to collect a consumer debt.

2.　Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.　Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.　The Plaintiff, William Kenney, Jr. ("Plaintiff"), is an adult individual residing in Marshfield, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Plaza Associates, L.L.C. ("Plaza"), is a New York business entity with an address of 370 Seventh Avenue, Suite 1500, New York, New York 10001, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Plaza and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Plaza at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff's father, William Kenney, Sr., allegedly incurred a financial obligation (the "Debt") to a Creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Plaza for collection, or Plaza was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Plaza Engages in Harassment and Abusive Tactics

12. Since May of 2009, Defendants have repeatedly called the Plaintiff regarding his father's debt.

13. The Plaintiff has explained to Defendants on many occasions that he is William Kenney, Jr., not William Kenney, Sr.

14. The Plaintiff has repeatedly requested that the Defendants' cease their calls as he does not owe the Debt.

15. The Defendants call the Plaintiff three or more times per week.

16. Since May of 2009, the Defendants have called the Plaintiff over one hundred times.

17. Defendants call the Plaintiff on a cell phone provided to him by his employer.

18. The Plaintiff has explained to the Defendants that he is authorized to use the cell phone for business purposes only, and has requested that Defendants not call that number.

19. The Defendants continue to call the Plaintiff on his work cell phone despite his request that they cease calling that number.  The Plaintiff fears that receiving excessive calls on the cell phone will jeopardize his job.

20. The Defendants call Plaintiff after 10 p.m.

21. The Defendants have called Plaintiff's mother-in-law, as well as the Plaintiff, regarding the Plaintiff's father's debt.  The calls have caused a falling out in the Plaintiff's family.  The Plaintiff has had a strained relationship with his father since the calls began, and has essentially stopped speaking to him.

22. The Plaintiff did not receive a written notification from the Defendants advising him of his rights under state and federal law, including his right to dispute the Debt.

### C. **Plaintiff Suffered Actual Damages**

23. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

24. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

25. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

26. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

27. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff before 8:00 a.m. and after 9:00 p.m.

28. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications.

29. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

30. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

31. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

32. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the Debt.

33. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

34. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

35. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

36. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

37. The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued collection efforts even though the Debt had not been validated.

38.

39. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

40. The Plaintiff is entitled to damages as a result of Defendants' violations.

### COUNT II
### VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, et seq.

41. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The Defendants employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

43. Defendants' failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 11 and, as such, the Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

## COUNT III
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

44. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as occurring when, "One…intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

46. Massachusetts further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendants violated Massachusetts state law.

47. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with telephone calls to his cell phone.

48. The telephone calls made by Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to his existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

49. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

50. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

51. All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants is subject to punitive damages.

## COUNT IV
## COMMON LAW FRAUD

52. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. The acts, practices and conduct engaged in by the Defendants and complained of herein constitute fraud under the Common Law of the State of Massachusetts.

54. The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants. All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 3(A);

5. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 14, 2010

          Respectfully submitted,

          By _/s/ Sergei Lemberg_____

          Sergei Lemberg, Esq.
          LEMBERG & ASSOCIATES L.L.C.
          1100 Summer Street, 3rd Floor
          Stamford, CT 06905
          Telephone: (203) 653-2250
          Facsimile: (877) 795-3666
          Attorneys for Plaintiff